**UNITED STATES of America, Appellee,**

v.

**James Pearl HAILEY, Appellant.**

**No. 11001.**

United States Court of Appeals Fourth Circuit.

Argued March 6, 1967.

Decided March 9, 1967.

* Of the Tenth Circuit, sitting by designation.

**FEATURE SPORTS, INC., Appellant,**

**v.**

**UNITED STATES of America,
Appellee.**

**No. 22396.**

United States Court of Appeals
Fifth Circuit.
March 23, 1967.

H. Parks Helms, Charlotte, N. C. (Court-appointed counsel), for appellant.

Wm. Medford, U. S. Atty., for appellee.

Before HAYNSWORTH, Chief Judge, WINTER, Circuit Judge, and HARVEY, District Judge.

PER CURIAM:

In this Dyer Act case, court assigned counsel earnestly attacks the Court's charge as misleading.[1] There was no objection to the charge at the time of the trial, for the trial lawyers saw no prejudice in it.[2]

If the charge might be said to have been exceptionable in any respect, there was no plain error affecting substantial rights within the meaning of Rule 52(b) of the Federal Rules of Criminal Procedure.

Affirmed.

1. The Court stated that the Government contended, as a minor subordinate fact, that the defendant was probably under the influence of whiskey when he began the interstate journey. The defendant had said he had "had a few drinks."

2. If the Court's version was an overstatement of the evidentiary matter, it may well have been in the defendant's interest as offering a possible explanation for the commencement of a wholly irresponsible course of conduct.