Roscoe E. REAMS, Plaintiff,

v.

Robert H. FINCH, Secretary of Department of Health, Education and Welfare, Defendant.

Civ. No. 68–C–519–EC.

United States District Court,
N. D. Iowa, E. D.

June 26, 1969.

---

Donald H. Canning, Barton L. Schwieger, Robert W. Herr, Waterloo, Iowa, Robert C. Oberbillig, Des Moines, Iowa, for plaintiff.

Asher E. Schroeder, U. S. Atty., Sioux City, Iowa, for defendant.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on cross-motions for summary judgment filed May 21, 1969 and June 12, 1969. At the final pre-trial conference the parties agreed to submit the case for the court's decision upon the pleadings, exhibits and documentary evidence on file of record.

Plaintiff seeks review of a final determination by the Secretary of Department of Health, Education, and Welfare (HEW) denying his application for disability insurance benefits under 42 U.S.C. §§ 416(i), 423. The sole issue before this court is whether the findings of fact of the Secretary [1] are supported by substantial evidence. 42 U.S.C. § 405(g); Easttam v. Secretary of Health, Education and Welfare, 364 F.2d 509, 511 (8th Cir. 1966).

"Disability" is defined in §§ 416(i) (1) and 423(d) (1) (A) of the Act as:

" * * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months * * *."

and further elaborated in § 423(d) (2) and (3):

" * * * an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either

---

[1]. The Hearing Examiner's decision filed June 27, 1968 and affirmed by the Appeals Council made the following findings: "(1) That the claimant does not have the degree of severity of impairment and limitation which would presently keep him from engaging in substantial gainful activity; and that he has not been prevented from engaging in substantial gainful activity for any continuous period of twelve months.
(2) That the preponderance of evidence is against the claimant on the issues."

in the region where such individual lives or in several regions of the country."

\* \* \* \* \* \*

" \* \* \* For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

The burden of proving "disability" is on the plaintiff. 42 U.S.C. § 423(d) (5); Easttam v. Secretary of Health, Education, and Welfare, *supra.*

Plaintiff is a 54 year old married man with limited formal education, having completed the eighth grade. He has worked as a farm hand and as a common laborer for the Rath Packing Company in Waterloo. In 1951 he became a foreman in the by-products department at Rath's and worked in that capacity until December 7, 1966. He has experience and competence in machine tending jobs and was found to have good hand dexterity and concentration and a good mechanical comprehension.

The medical testimony is in conflict. Dr. Eugene Smith, plaintiff's personal physician, stated that he believed plaintiff to be permanently and totally disabled by chronic obstructive pulmonary emphysema. However, several examining physicians believed plaintiff's emphysema was only mildly disabling. Dr. Herbert Goldstone, a specialist in internal medicine stated: "The medical evidence indicates the existence of a moderate degree of pulmonary emphysema which is not sufficiently severe to prevent all types of work activity." Commenting on one of Dr. Smith's reports, Dr. R. O. Bailey, a specialist in internal medicine stated that plaintiff should do work that does not require great physical exertion and in an environment free of dust and sudden temperature changes. Finally, Dr. George N. Bedell, a specialist in internal medicine and pulmonary diseases conducted a pulmonary function study of plaintiff and reported, "In my experience, this degree of emphysema is usually not incapacitating."

During the week of July 31 through August 4, 1967, plaintiff underwent an employability evaluation conducted by the Minneapolis Rehabilitation Center. The summary and recommendation of this study provided in part:

" \* \* \* Judging by his performance at MRC, Mr. Reams seems physically able to do light work. As far as can be determined, there seems to be no physical reason why he couldn't return to his former job as a foreman. If this is considered impractical, Mr. Reams appears to be physically able to perform light factory work. He also seems to have some skill in light factory assembly type work."

After a careful review of the entire record, the court is of the opinion that the findings of fact of the Secretary are supported by substantial evidence.

It is therefore

Ordered

That the decision of the Secretary is affirmed and plaintiff's Complaint filed September 30, 1968, is dismissed.