Peter B. BOCIAN, Plaintiff,

v.

David MATHEWS, Secretary of Health, Education and Welfare, Defendant.

No. C 75–4027.

United States District Court,
N. D. Iowa, W. D.

March 31, 1976.

Plaintiff's motion for summary judgment denied; defendant's motion granted; decision affirmed.

Smith & Smith by Harry H. Smith, Sioux City, Iowa, for plaintiff.

Daniel T. Cutler, Asst. U. S. Atty., Northern District of Iowa, Sioux City, Iowa, for defendant; Caroline McB. French, Acting Regional Atty., Region VII, Dept. of Health, Education and Welfare, Kansas City, Mo., of counsel.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on plaintiff's unresisted motion for substitution of parties, filed February 27, 1976, and on resisted cross-motions for summary judgment, filed by defendant on December 15, 1975, and by plaintiff on February 27, 1976.

Plaintiff Peter Bocian commenced this action under § 205(g) of the Social Security Act (Act), 42 U.S.C. § 405(g), seeking judicial review of a final decision by the Secretary of Health, Education and Welfare (Secretary). A statement of plaintiff's death during the pendency of this action was filed on December 24, 1975, and plaintiff's motion pursuant to Rule 25(a), FRCP, to substitute Gladys Bocian, executor of the decedent's estate, as party plaintiff will be granted.

The procedural chronology underlying this action for judicial review began with Peter Bocian's application to the Social Security Administration (Administration) for retirement insurance benefits on March 8, 1967. Retirement benefits were awarded commencing January, 1966, the applicant then being 67 years of age and it being determined that he had sufficient quarters of coverage under the Act.

Some six years later, in 1973, the Administration, on its own motion, reversed its prior award. The Administration concluded that decedent's self-employment income for the years 1961–1966, which formed the basis for his insured status under the Act,

should have been fully attributed to his wife's account. By so allocating this income, decedent was no longer "insured" under the statute, and retirement benefits were denied. This determination was upheld on reconsideration.

Plaintiff and plaintiff's decedent then requested a hearing pursuant to 20 CFR §§ 404.917–404.920. A hearing was held on June 14, 1974, wherein Mr. and Mrs. Bocian, who were represented by counsel, were the only witnesses.

The Administrative Law Judge (ALJ) modified the Administration's decision in part, and the decision so modified was affirmed by the Appeals Council, thus becoming the final decision of the Secretary. 20 CFR § 404.951. Considering the testimony and documentary exhibits, the ALJ determined that Mr. and Mrs. Bocian had been operating a family-owned grocery-liquor store as co-proprietors, and that the income derived from this business during the relevant time period should have been allocated equally to the self-employed income accounts of both husband and wife for social security purposes. In arriving at this decision, the ALJ differed with the Administration, which viewed the store business as having been a sole proprietorship operated by the wife. While the ALJ agreed with the Administration that certain purported interspousal transfers of the business did not change the character of the income derived therefrom for social security purposes, the characterization of that income by the ALJ as attributable to co-proprietors effected only a reduction in the amount of decedent's benefits rather than their total elimination.

The ALJ, in accordance with the Administration, determined that excess payments made to decedent should be recouped under 42 U.S.C. § 404 [1] by deducting

---

1. 42 U.S.C. § 404 provides in relevant part:

§ 404. *Overpayments and underpayments*
(a) Whenever the Secretary finds that more or less than the correct amount of payment has been made to any person under this subchapter, proper adjustment or recovery shall be made, under regulations prescribed by the Secretary, as follows:

(1) With respect to payment to a person of more than the correct amount, the Secretary shall decrease any payment under this subchapter to which such overpaid person is entitled, or shall require such overpaid person or his estate to refund the amount in excess of the correct amount, or shall decrease any payment under this subchapter

from future benefits until the overpayments were repaid. To obtain a waiver of this recoupment, the burden was upon plaintiff to show that he was without fault *and* that recovery of overpayments would either defeat the purposes of the Social Security Act or would be against equity and good conscience. *Sierakowski v. Weinberger,* 504 F.2d 831, 836 (6th Cir. 1974). The ALJ noted these requirements in his opinion, and held that a waiver would be inappropriate.[2]

■ Judicial review of a final decision by Secretary concerning Social Security benefits is limited to determining whether the Secretary's findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see Klug v. Weinberger,* 514 F.2d 423 (8th Cir. 1975); *Reams v. Finch,* 313 F.Supp. 1272 (N.D.Ia.1970), *aff'd,* 428 F.2d 1225 (8th Cir. 1970). Plaintiff does not contest the applicable standard for review nor does she contend that the record lacks substantial evidence to support the Secretary's decision. This court also concludes that the record contains substantial evidence to support the Secretary's decision on the merits.

■ Plaintiff's primary contention for reversal is that the Secretary was prohibited by the terms of 20 CFR § 404.957[3] from modifying plaintiff's award of benefits more than four years after the initial determination. Under this regulation, the initial determination must have been procured by "fraud or similar fault" in order to permit reconsideration after the expiration of four years, and plaintiff argues that the ALJ made no finding of "fraud or similar fault."

Defendant asserts that the Secretary's decision at least impliedly includes such a finding, and that the record contains substantial evidence to support it. It is the view of the court that the Secretary was not barred from revising plaintiff's income records, but for reasons other than those advanced by defendant.

The Secretary is empowered to promulgate rules and regulations which are consistent with the Act and necessary to carry out its provisions. 42 U.S.C. § 405(a). Included in the regulations promulgated are time limitations for the revision of prior determinations. 20 CFR §§ 404.956 & 404.-957. The former section provides in part:

Revision for error or other reason; time limitation generally.

---

payable to his estate or to any other person on the basis of the wages and self-employment income which were the basis of the payments to such overpaid person, or shall apply any combination of the foregoing.

. . .

(b) In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience.

2. The ALJ implicitly held that the applicant had made false, reckless or negligent statements, which are within the definition of "fault" under this section. 20 CFR § 404.507; *Burrow v. Finch,* 431 F.2d 486, 492–493 (8th Cir. 1970). The availability of other assets was cited by the ALJ as indicating that recoupment would not frustrate the purposes of the Act or be against equity and good conscience. *See Sierakowski v. Weinberger,* 504 F.2d 831, 835–836 (6th Cir. 1974); *Henry v. Weinberger,* 371 F.Supp. 854, 856 (E.D.Mo.1973).

3. 20 CFR § 404.957 provides in part:
Reopening initial, revised, or reconsidered determinations of the Administration and decisions or revised decisions of an Administrative Law Judge or the Appeals Council;' finality of determination and decisions.

An initial, revised, or reconsidered determination of the Administration or a decision or revised decision of a hearing examiner or of the Appeals Council which is otherwise final under § 404.908, § 404.916, § 404.940, or § 404.951 may be reopened:
(a) Within 12 months from the date of the notice of the initial determination (see § 404.-907), to the party to such determination, or
(b) After such 12-month period, but within 4 years after the date of the notice of the initial determination (see § 404.907) to the party to such determination, upon a finding of good cause for reopening such determination or decision, or
(c) At any time when:
(1) Such initial, revised, or reconsidered determination or decision or revised decision was procured by fraud or similar fault of the claimant or some other person; . . . .

(a) *Initial, revised, or reconsidered determinations. Except as otherwise provided in §§ 404.960 and 404.960a*, an initial, revised, or reconsidered determination (see §§ 404.905 and 404.914) may be revised by the appropriate unit of the Social Security Administration having jurisdiction over the proceedings (§ 404.-902), on its own motion or upon the petition of any party for a reason, and within the time period, prescribed in § 404.957. (Emphasis added.)

This regulation clearly indicates that certain determinations, to wit, those described in §§ 404.960 & 404.960a, are not governed by the general time limitations in § 404.957.

Findings concerning wages or self-employment income may be revised only as prescribed in § 404.960, which provides:

Time limitation for revising finding as to earnings.

No determination of the Administration or decision of an Administrative Law Judge or the Appeals Council shall be revised after the expiration of the normal period for requesting reconsideration, hearing or review, or commencing a civil action with respect to such determination or decision (see §§ 404.911, 404.918, 404.-946, and 404.951) to correct a finding as to wages or self-employment income, unless the correction of such finding is *permitted under section 205(c)(4) or (5) of the act* (see §§ 404.804-404.806). (Emphasis added.)

Section 205(c)(5), 42 U.S.C. § 405(c)(5), reads in pertinent part:

(5) After the expiration of the time limitation [4] following any year in which wages were paid or alleged to have been paid to, or self-employment income was derived or alleged to have been derived by, an individual, the Secretary may change or delete any entry with respect to wages or self-employment income in his records of such year for such individual or include in his records of such year for such individual any omitted item of

wages or self-employment income but only—

. . . . .

(G) to correct errors made in the allocation, to individuals or periods, of wages or self-employment income entered in the records of the Secretary

. . . . .

Thus self-employment income which is reflected on the records of some individual's income account maintained by the Secretary pursuant to 42 U.S.C. § 405(c)(2)(A), may be reallocated to some other individual's account at any time to correct errors in the allocation. The case at bar appears to fall squarely within that category.

It is therefore

ORDERED

1. Plaintiff's motion for substitution granted.

2. Plaintiff's motion for summary judgment denied.

3. Defendant's motion for summary judgment granted; the decision of the Secretary in this matter is affirmed.

---

4. The "time limitation" is defined previously in the statute as a period of three years, three months, and fifteen days. 42 U.S.C. § 405(c)(1)(B).