**William R. DAVIS and Marjorie M. Davis, Plaintiffs,**

v.

**David MATHEWS, Secretary of Health, Education, and Welfare, Defendant.**

**No. CV 75–39–GF.**

United States District Court, D. Montana, Great Falls Division.

Nov. 19, 1976.

Jardine, Stephenson, Blewett & Weaver, Great Falls, Mont., for plaintiffs.

Thomas A. Olson, U. S. Atty., Billings, Mont., for defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

This is an action to review a final decision of the defendant determining that the plaintiff William R. Davis (William) was overpaid $9,585.30 and that the plaintiff Marjorie M. Davis (Marjorie) was overpaid $760.60 in retirement insurance benefits

and that a recovery of such amounts cannot be waived.

For many years William owned a jewelry business. In 1966 he incorporated it. He owned all of the shares except two, one of which was owned by his wife Marjorie and the other by his son, John Davis (John). The three of them comprised the board of directors, and William was president, Marjorie vice president, and John secretary-treasurer. The determination of the overpayments was based on findings that during the years 1966 to 1973 William rendered services to Davis Company of a value greater than the amounts which a beneficiary might earn under applicable law, and that during a portion of the time Marjorie was overpaid, and that the overpayments to her should have been credited to William.

The findings of the administrative law judge, approved by the appeals council, are supported by substantial evidence and are therefore conclusive. 42 U.S.C. § 405(g).

I have been troubled by a problem in limitations. The Act provides that the Secretary's records are conclusive after a period of three years, three months, and 15 days, except that the Secretary may change any entry "to correct errors made in the allocation, to individuals or periods, of wages or self-employment income entered in the records of the Secretary." 42 U.S.C. § 405(c)(5)(G). There is some suggestion in the legislative history that the quoted language was intended to permit the correction of clerical mistakes.[1]

One wonders where, as here, the Secretary on the basis of evidence, dehors any records, reduced Marjorie's wages and added the difference to William's wages, he was not doing more than correcting an "error made in allocation." But the subsection does use the word "allocation," and since the subsection is concerned with nothing other than the Social Security law, the word should be interpreted not in some general sense but in a sense meaningful in light of Social Security law. In the contemplation of that law, a person, having the relationship which William had to Davis Company, may be said to have allocated the income of Davis Company. When William made by means of wages an allocation of income which was not warranted in the light of Social Security law, it may be said that he made an error in allocation and that that is the sort of an error which may be corrected at any time under Section 405(c)(5)(G). I conclude, with some doubt, that there are no limitations applicable here.

Defendant's motion for summary judgment is granted. The action is dismissed, and IT IS ORDERED that judgment be entered denying plaintiffs all relief.

---

1. "The committee report explained that the purpose of Section 205(c)(5)(G) was: 'To correct errors resulting from 'the employer's reporting of wages for an incorrect period, or from his reporting wages for one individual under the name and account number of another.' (Public Law 734, 81st Congress). Senate Report No. 1669, 2nd Session Pg. 118, U.S.Code Cong.Serv.1950, p. 3412." *Craig v. Finch,* 416 F.2d 721, n. 5 at 724 (5th Cir. 1969).