**Gertrude (Bissonette) BECKER, Plaintiff,**

v.

**Patricia Roberts HARRIS, Secretary of Health and Human Services, Defendant.**

**Civ. No. S–79–248 LKK.**

United States District Court, E. D. California.

July 17, 1980.

Harry M. Marsh, Maureen C. Whelan, Marsh & Marsh, Chico, Cal., for plaintiff.

Herman Sillas, U. S. Atty., Evelyn M. Matteucci, Chief Asst. U. S. Atty., Sacramento, Cal., for defendant.

## OPINION AND ORDER

KARLTON, District Judge.

This action to review a final decision of the Secretary of Health, Education and Welfare denying a claim for disability insurance benefits under the Social Security Act was initially referred to Magistrate Esther Mix pursuant to our Local Rules 302 and 305 (See 28 U.S.C. § 636(b)(1)(B) and (C)). In due course the parties filed cross motions for summary judgment and Magistrate Mix issued proposed findings and recommendations.

Central to the Magistrate's proposed findings is the conclusion that section 211(a)(5)(A) of the Social Security Act (42 U.S.C.A. § 411(a)(5)(A)) unconstitutionally discriminates on the basis of gender. I

adopt and affirm Magistrate Mix's proposed findings and recommendations, and reproduce them in Part I of this opinion.[1] In Part II of this opinion I consider and reject the Secretary's argument that the constitutionality of section 211(a)(5)(A) should not be reached because an independent statutory ground exists which justifies the denial of benefits. Accordingly, I conclude that section 211(a)(5)(A) is unconstitutional, and remand the action to the Secretary solely for the purpose of determining the extent of plaintiff's entitlement to benefits, an issue not yet reached by the agency.

## I

Plaintiff brought this action pursuant to Section 205(g) of the Social Security Act to obtain judicial review of a final decision of the Secretary of Health, Education and Welfare, denying her claim for disability insurance benefits under Title II of the Act. She requests a declaration that the provisions of Section 211(a)(5)(A) of the Act (42 U.S.C. § 411(a)(5)(A)),[2] relating to self-employment income in community property states be declared unconstitutional as creating gender-based discrimination in violation of [the] due process and equal protection guarantees of the Fifth Amendment to the United States Constitution.

Plaintiff, who is now almost 69 years of age, filed an application for disability benefits almost eight years ago, at the age of 61. Whether she was disabled has still not been determined, but the issue of her insured status was heard before an administrative law judge in May 1978. The decision of the administrative law judge finding that she lacked insured status became final on February 24, 1979. The administrative law judge found in pertinent part as follows:

.     .     .     .     .

3. The claimant operated a beauty salon located at 1441 Fruitridge Road, Sacramento, California, from 1954 to 1959.
4. In 1960 the claimant voluntarily transfered (sic) the self employment income of the aforementioned beauty salon to her husband.
5. The income derived from the beauty salon from the years 1960 to 1971 was properly credited to Harle E. Bissonette as self-employment earnings under the community property laws of the State of California. (Tr. 24).

.     .     .     .     .

Although it is provided by [Section 211(a)(5)(A)] that in community property states, all income from a business owned and operated by a married woman is deemed, for purposes of Social Security coverage, to belong to her husband unless the wife exercises substantially all management and control, the administrative law judge [did not rely on this statute]. Instead, he found that plaintiff had no standing to ask the Secretary to award disability benefits to her because she had made a gift to her husband of her self-employment income. The administrative law judge stated:

.     .     .     .     .

.   .   . The claimant, in 1960, was a mature woman without any apparent mental defects and fully capable to think for herself and protect her best interests according to her judgment (sic). Moreover, the claimant's act in 1960 to transfer the self-employment earnings of the beauty salon to her husband's Social Security account could be viewed as a "gift" to the husband by the claimant. To request the Social Security Administration to retract her "gift" to her husband would be asking the U.S. Government

1. The Court has made some very minor modifications of the Magistrate's proposed findings. They appear in the text of the opinion in brackets.

2. "If any of the income derived from a trade or business (other than a trade or business carried on by a partnership) is community income under community property laws applicable to such income, all of the gross income and de-

ductions attributable to such trade or business shall be treated as the gross income and deductions of the husband unless the wife exercises substantially all of the management and control of such trade or business, in which case all of such gross income and deductions shall ·be treated as the gross income and deductions of the wife."

through it's (sic) Agency and Secretary to partake in the commission of a questionable act. The claimant, in 1960, may have entertained secret motives and intentions when she transfered (sic) willingly and voluntarily her self-employment income from the beauty salon to her husband's Social Security account. The claimant may have tried to assist her husband in obtaining Social Security coverage. To have the U. S. Government and the Secretary negate her 1960 agreement is beyond the conception and power of the undersigned.

. . . The claimant's contentions regarding the full management and control may have some basis for truth. However, upon a careful search of the record in this case and viewing the evidence in a light most favorable to the claimant, the Administrative Law Judge finds the claimant's contentions regarding her self-employment earnings dated from 1960 to 1971 inadequate to support a finding in her favor. On the contrary, her contentions and assertions contained certain contradictions and misstatements which have a certain bearing on the claimant's overall credibility. The claimant acted on her own volition in 1960 when she agreed to transfer the self-employment income of the beauty salon to her husband. At the present time the claimant has no standing to request the Secretary to negate her 1960 agreement and award the claimant the benefits for which she voluntarily agreed to transfer to her husband. (Tr. 23, 24).

On February 24, 1979 the Appeals Council acknowledged as correct plaintiff's contention that it is impossible to make a gift of earnings for purposes of Social Security coverage, but nevertheless affirmed the decision of the administrative law judge on the ground that:

under the community property law of California, the income from the business was properly credited to your husband's earning record. For this reason you cannot be found to be self-employed in the years in question (Tr. 4).

The test, under Section 211(a)(5)(A) of the Act, for plaintiff's entitlement to earnings derived from a business in a community property state, is whether or not she exercised substantially all the management or control. Thus the Appeals Council found, at least by implication, that substantially all management and control of the beauty salon was not exercised by plaintiff.

In this action plaintiff seeks a judgment declaring that Section 211(a)(5)(A) violates constitutional guarantees of equal protection and due process, in that this section discriminates in the granting of Social Security coverage on the basis of sex. That section provides that in a community property state a wife's entitlement must rest on her exercise of substantially all of the management ànd control of a jointly operated business. Otherwise, all earnings are treated as belonging to the husband. This exclusion of a wife's community earnings from Social Security coverage is inexplicable on the basis of community property law. No legislative history has been found explaining the rationale of crediting the earnings account of a husband with income earned by his wife in a community property state. However, a bill entitled "Social Security Amendments of 1980," now pending in Congress, proposes abrogation of this section. (See Congressional Record for 2/27/80, H 1374 through 1379).

The Supreme Court held in the case of *Weinberger v. Wiesenfeld*, 420 U.S. 636, 95 S.Ct. 1225, 43 L.Ed.2d 514 (1975), "Mother's insurance benefits" provided by the Social Security Act, which discriminated in the granting of coverage on the basis of sex, violated equal protection and due process rights. In *Califano v. Goldfarb*, 430 U.S. 199, 97 S.Ct. 1021, 51 L.Ed.2d 270 (1977), the Court held that classifications by gender must serve important governmental objectives and must be substantially related to the achievement of those objectives. In that case it was held that different treatment of men and women in the case of a widow and widower constituted invidious discrimination against female wage earners by affording them less protection for their

surviving spouses. The Court observed that the only conceivable justification for the classification in that case was the assumption, based on archaic and overbroad generalizations, that it would save governmental time, money, and efforts simply to pay benefits to all widows, rather than to require both sexes to prove dependency. Such general assumptions were held insufficient to justify a gender-based discrimination in the distribution of employment-related benefits.[3]

The statute challenged herein, Section 211(a)(5)(A), creates a classification that discriminates on the basis of gender. Although it appears on the face of the statute that it was designed to accommodate a state's community property law, there is no contention made herein by the Secretary that any such objective is served. Therefore the question of whether there is a "substantial" or "important" objective is not raised. Even under a minimum rationality standard the statute cannot be upheld.

■ Counsel for the Secretary argues that Section 211(a)(5)(A) is merely an "eligibility requirement" rather than a classification based on sex, citing *Carrasco v. Secretary of Health, Education and Welfare*, 463 F.Supp. 1287 (D.C.Puerto Rico 1979), the only reported case dealing with this statute. This argument is not explained and seems to have no basis in logic. The *Carrasco* case was actually decided on the proposition that the plaintiff did not perform any work. In that case plaintiff had suffered from a mental disability during the period of claimed earnings. Apparently the court in that case was under the misapprehension that Section 211(a)(5)(A) required "only that the participant who seeks accreditation of these wages be the participant who has actively earned them in a *de facto* manner." *Carrasco v. Secretary of Health, Education and Welfare, supra*, at 1291.

Counsel for the Secretary also cites the cases of *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1974); *Mathews v. de Castro*, 429 U.S. 181, 97 S.Ct. 431, 50 L.Ed.2d 389 (1976); and *Califano v. Jobst*, 434 U.S. 47, 98 S.Ct. 95, 45 L.Ed.2d 228 (1977). None of these cases involve distinctions based on gender alone. The *Jobst* case involved a classification based on a distinction between married persons and unmarried persons; the *de Castro* case distinguished between married women and unmarried women; and *Salfi* distinguished between various surviving wives and children of a deceased wage earner on the basis of duration of family relationship.

It is the finding of the Magistrate [which is adopted by the Court] that Section 211(a)(5)(A) clearly discriminates in the granting of coverage on the basis of sex; that such discrimination is patently arbitrary; and that there is no governmental objective served.

■ It follows that this case must be decided on law generally applicable to a person of either sex who has been gainfully self-employed in a business. The premise of the Social Security Act is that all gainfully employed persons are to be covered, except as specifically excluded. *Delno v. Celebrezze*, 347 F.2d 159 (9th Cir. 1965).

The facts of this case are very similar to those presented in *Rasmussen v. Gardner*, 374 F.2d 589 (10th Cir. 1967). In that case a husband and wife both worked to operate a hotel. All earnings were reported as the husband's for purposes of crediting his Social Security account. After the death of the wife, he amended the tax returns to show that one-half of the earnings should have been credited to the wife's earning account. The Court commented as follows:

Self-employment income is credited to earnings accounts in accordance with information reported in Schedule C of the

---

**3.** [The Magistrate did not have the benefit of the Supreme Court's decision in *Wengler v. Druggists Mutual Insurance Co.*, —— U.S. ——, 100 S.Ct. 1540, 64 L.Ed.2d 107 (1980), where a somewhat similar gender-based classification in a state's statute was found violative of the Equal Protection Clause. Nonetheless, that case demonstrates that Magistrate Mix correctly identified and applied the "intermediate" standard of scrutiny applicable to gender-based classifications.]

federal income tax returns. Thus it appears that the Secretary makes no initial inquiry to determine whether the income so reported is in fact or in law self-employment income. It appears that unreported self-employment income may be credited retroactively to an individual's earnings account if the facts show that the income in question was self-employment income under the Act. Even if we were to assume that the appellant deliberately claimed all self-employment income for his earnings account, this is no more than an assertion of the appellant's position, a position that may or may not be sustained when the facts and circumstances of the case are reviewed in the legal context of the applicable statutes. See, e. g., *Conklin v. Celebrezze*, 319 F.2d 569 (7th Cir., 1963); *Hudson v. Celebrezze*, 220 F.Supp. 738 (E.D.N.C. 1963). If the facts and circumstances indicate that a claimant is entitled to the benefits, he should not be penalized by his former position, which may be nothing more than a misapprehension of the law. . . .

. . . . .

However we find nothing in the language of § 211(a) of the Act indicating that a partnership is the only basis upon which coproprietors of a business can each be credited with self-employment income for social security purposes.

. . . . .

While the exact nature of the legal relationship between the appellant and his wife in owning and operating the hotel might be critical for income tax purposes or for state laws of descent and distribution, we hold that it is unnecessary to characterize their relationship by any specific label for purposes of the Social Security Act. If either husband or wife had carried on the business alone there would have been no issue of earnings. The fact that both carried on the enterprise should not change the result.

The *Rasmussen* court then divided the income equally, after finding that both worked and that funds were deposited in a joint banking account.

In the present case, the amount of earnings to be credited to plaintiff's Social Security account should be determined in the first instance by the Secretary.

It is therefore the recommendation of the Magistrate [adopted by the Court] that defendant's motion for summary judgment be denied, and that judgment be entered [declaring that Section 211(a)(5)(A) of the Social Security Act violates the due process and equal protection guarantees of the Fifth Amendment to the United States Constitution].

II

On appeal from Magistrate Mix's proposed findings and recommendations, the Secretary argues that the constitutionality of section 211(a)(5)(A) of the Social Security Act need not be reached since "there exists an ample basis for affirming the decision of the Secretary without regard to the constitutional question." The Secretary argues that plaintiff did not timely request revision of her earnings records and thus those records (which show no self-employment earnings) are now conclusive as to the absence of self-employment income for any of the years at issue. *See* 42 U.S.C. § 405(c)(4)(C); but *cf.* 42 U.S.C. § 405(c)(5)(G); *Davis v. Mathews*, 422 F.Supp. 275 (D.C.Mont.1976); *Bocian v. Mathews* (N.D. Iowa 1976) 411 F.Supp. 1200.

In so arguing the Secretary relies upon the principle that constitutional adjudication should be avoided where there exists an adequate non-constitutional basis for decision which would be dispositive of the case. See, e. g., *Life Ins. Co. of North America v. Reichardt*, 591 F.2d 499, 506 (9th Cir. 1979). Equally well established, however, is the doctrine that "[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." *SEC v. Chenery Corp.*, 318 U.S. 80, 87, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943); see also *Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281, 285–286, 95 S.Ct.

438, 441–442, 42 L.Ed.2d 447 (1974); *FPC v. Texaco, Inc.*, 417 U.S. 380, 397, 94 S.Ct. 2315, 2326, 41 L.Ed.2d 141 (1974); *SEC v. Chenery Corp.*, 332 U.S. 194, 196–197, 67 S.Ct. 1575, 1577, 91 L.Ed. 1995 (1947); *Castillo-Felix v. Immigration & Naturalization Service*, 601 F.2d 459, 462 n.6 (9th Cir. 1979).

█ Whatever the merits of the Secretary's present argument, it was not relied upon in any step of the administrative process. Indeed, the only discussion of timeliness in the administrative record appears in an oblique comment by the Administrative Law Judge, who appears to raise the issue, resolve it in plaintiff's favor, and then proceed to the merits of her claim. (See Decision at p. 2).

As Magistrate Mix explained, the final decision of the Secretary is based upon the provisions of section 211(a)(5)(A). Indeed, the Appeals Council explained that the issue of the constitutionality of that section could not be considered "because the administrative law judge and the Appeals Council do not have the authority to rule on the constitutionality of any provisions of the Act."

In effect, the record demonstrates that the Secretary either waived the timeliness objection, or accepted plaintiff's position on it. After consistently maintaining a position throughout the administrative process, the Secretary may not now, or upon remand, reopen a question which the Secretary's conduct indicates has already been resolved. Cf. *Singer v. Weinberger*, 513 F.2d 176, 178 (9th Cir. 1975). In any event, the record is clear that the Secretary's decision rests firmly upon an unconstitutional statute. Under these circumstances the court may not abdicate its responsibility and must confront the constitutional issue. Cf. *Powell v. McCormack*, 395 U.S. 486, 549, 89 S.Ct. 1944, 1978, 23 L.Ed.2d 491 (1969); *Davis v. Passman*, 442 U.S. 228, 242, 99 S.Ct. 2264, 2275, 60 L.Ed.2d 846 (1979).

As I have indicated, I adopt Magistrate Mix's finding that section 211(a)(5)(A) violates the Fifth Amendment to the Constitution. Accordingly,

IT IS ORDERED THAT:

1. The Court hereby declares that section 211(a)(5)(A) of the Social Security Act (42 U.S.C. § 411(a)(5)(A)) violates the due process clause of the Fifth Amendment to the United States Constitution;

2. The matter is remanded to the Secretary to determine plaintiff's entitlement to disability and/or old age benefits under the Social Security Act, without regard to the provisions of section 211(a)(5)(A).