**Joan S. HESTER, Plaintiff–Appellant,**

**v.**

**Patricia Roberts HARRIS, Secretary of Health and Human Services, Defendant–Appellee.**

**No. 79–2592.**

United States Court of Appeals, Fifth Circuit.

Unit A

Nov. 19, 1980.

Holly G. Crampton, Robert G. Estrada, Wichita Falls, Tex., for plaintiff–appellant.

Kenneth J. Mighell, U. S. Atty., William L. Johnson, Jr., Asst. U. S. Atty., Fort Worth, Tex., for defendant–appellee.

Before WISDOM, GARZA and REAVLEY, Circuit Judges.

WISDOM, Circuit Judge:

This appeal challenges the constitutionality of the presumption in the Social Security Act, 42 U.S.C. § 401 et seq., that in a community property state income from a trade or business (other than one conducted by a partnership) is the husband's income, unless the wife exercises substantially all of the management and control of the business. 42 U.S.C. § 411(a)(5)(A) (§ 211(a)(5)(A) of the Act). We hold, as the Court of Appeals for the First Circuit recently held, that the presumption discriminates against women in violation of the equal protection element of the due process clause of the Fifth Amendment. See Carrasco v. Secretary of Health, Education, and Welfare, 1st Cir., 1980, 628 F.2d 624.[1]

I.

To be eligible for disability benefits under the Social Security Act, § 423(c)(1)(B)(i) requires an individual to have had at least twenty "quarters of coverage"–a term defined to mean, for self–employed individuals, a quarter of a year for which the individual has been credited with over $100 of self–employment income. 42 U.S.C. § 413(a)(2). The question whether an individual is entitled to have particular self–employment income credited to his earnings record is governed by 42 U.S.C. § 411. In general, all gross income (in the income tax sense) derived from a "trade or business carried on by" an individual is credited to him for Social Security purposes. 42 U.S.C. § 411(a). An important exception to this rule, for community property states, is 42 U.S.C. § 411(a)(5)(A). This provides:

If any of the income derived from a trade or business (other than a trade or business carried on by a partnership) is community income under community property laws applicable to such income, all of the gross income and deductions attributable to such trade or business shall be treated as the gross income and deductions of the husband unless the wife exercises substantially all of the management

and control of such trade or business, in which case all of such gross income and deductions shall be treated as the gross income and deductions of the wife. (Emphasis added.)

The claimant challenges this provision. The case comes from Texas, a community property state.

The claimant, Joan Hester, was married to John Hester from 1961 until 1974. During two years early in her marriage (1965–67) and during the years after her divorce from her husband (1973–75), she was employed as a licensed vocational nurse. From 1967 until August 1973 the Hesters operated small businesses–Sonotone of Wichita Falls and Hester's Hearing Aid Center. These were "Mom–and–Pop" enterprises. From 1967 to 1969 Joan Hester, by then a licensed hearing aid fitter and dispenser, ran the office and kept the books; Tom Hester was often in the field. In 1969–73 Mrs. Hester was in and out of the office, principally as a consultant. She received no salary; they had no agreement over division of the profits; the business had one checking account, on which either could draw. In short, the Hesters conducted the business like thousands of other small family businesses are conducted.

Mrs. Hester applied for disability benefits on August 16, 1976, alleging an onset date of December 6, 1975 for disability resulting from a back injury, arachnoiditis, and scarring at the root of her spine. The Secretary of Health, Education and Welfare disallowed coverage from 1971 to August 1973, a period when the claimant served as office consultant for Hester's Hearing Aid Center. That cut her covered quarters down to 17, three short of the 20 needed to qualify. During their marriage the Hesters had filed joint tax returns, but had listed their business as a sole proprietorship on Schedule C, and only Mr. Hester had filed a Schedule SE, which is the form used to calculate self-employment tax.[2] At an administra-

---

1. The spokesman for the Court in this case was also the spokesman for the Court in Carrasco.

2. The government notes that a self–employed individual should list himself on Schedule C

tive hearing, Mrs. Hester advanced two theories under which she claimed credit for earned income. (1) Their hearing aid business was a partnership. She was therefore entitled to credit for her earnings as a partner. (2) § 411(a)(5)(A) is unconstitutional, and since she had worked for the enterprise she was entitled to credit for self–employment income. The Administrative Law Judge rejected the partnership theory on the ground that the evidence did not show a partnership; there was "no substantial evidence, other than self–serving statements of the parties, that any significant amount of work was in fact performed by the wife in her husband's business". He held that § 411(a)(5)(A) was constitutional in a single sentence stating simply that the claimant had submitted no authority "which has clearly ruled upon the law and the regulations here pertinent and their application to [the] facts". The reviewing district court summarily affirmed.

On appeal, Hester does not directly challenge the ALJ's finding that no partnership existed; instead she points to *Rasmussen v. Gardner*, 10 Cir. 1967, 374 F.2d 589 as a way to circumvent § 411(a)(5)(A). She also challenges the constitutionality of that statutory presumption.

## II.

The identical constitutional issue involving § 411(a)(5)(A) came up recently in the Court of Appeals for the First Circuit in a case from Puerto Rico, a civilian jurisdiction with, of course, a community property system. *Carrasco v. Secretary of Health, Education, and Welfare*, 1980, 628 F.2d 624. In *Carrasco* the claimant was allowed 19 quarters of coverage when she became too disabled to work. She had owned four head of cattle at the time she began living in concubinage with her future husband. The little herd increased to six head. The prof-

it, such as it was, was the family's profit. And there was no doubt that she had furnished the cattle and had done most of the work, until she became disabled; after she was disabled, she was still furnishing the capital for their joint venture. After living in concubinage for twenty years she had married her paramour. That was unfortunate for her Social Security claim. The Secretary applied the statutory presumption treating all of the income from the cattle business as the husband's; she could not show after the marriage that she had "exercised substantially all of the management and control" of the little business for a twentieth quarter. The Court of Appeals held that the general classification favoring the husband in § 411(a)(5)(A) was in violation of the equal protection element of the due process clause of the Fifth Amendment, vacated the district court judgment, and remanded the case to the Secretary.

In reaching that conclusion the Court discussed and relied on *Craig v. Boren*, 1976, 429 U.S. 190, 197, 97 S.Ct. 451, 50 L.Ed.2d 397; *Weinberger v. Wiesenfeld*, 1975, 420 U.S. 636, 95 S.Ct. 1225, 43 L.Ed.2d 514. *Califano v. Goldfarb*, 1977, 430 U.S. 199, 97 S.Ct. 1021, 51 L.Ed.2d 270; *Califano v. Webster*, 1977, 430 U.S. 313, 97 S.Ct. 1192, 51 L.Ed.2d 360; and *Califano v. Westcott*, 1979, 443 U.S. 76, 99 S.Ct. 2655, 61 L.Ed.2d 382.

It seems clear to us that *Carrasco* was correctly decided. As the Court of Appeals for the First Circuit stated:

The plain effect of the section is to favor the husband by giving him the benefit of a statutory presumption crediting him with all of the community income from a trade or business; the wife is ineligible for benefits unless she can prove that she "exercised substantially all of the man-

and file Schedule SE with his federal income tax form every year he has self-employment income. Those schedules become part of the records of the Secretary of the Department of Health and Human Resources, (formerly the Department of Health, Education and Welfare). Under 42 U.S.C. § 405(c), an entry in the Secretary's records is evidence that an individual actually earned self–employment income in a given period and, conversely, absence of a rec-

ord of self-employment income for a given period is evidence that no such income was derived by that individual in that period. While the government makes much of the fact that here only the husband filed Schedule SE, this point goes only to the weight of the evidence; it does not bear on the legal issue of the validity of the substantive rule of income allocation contained in § 411(a)(5)(A).

agement and control of such a trade or business".

Again:

> [T]he community property provision did not constitute an irrebuttable presumption. The presumption, however, cannot be rebutted unless the wife can prove that she exercised *substantially all* of the control and management of a community business. A wife who exercises some or a large degree of control and management cannot overcome the presumption and will not be credited with any of the income. Moreover, the provision is unconstitutional even as to cases where it can be rebutted. It nevertheless discriminates between the sexes, placing on a wife the burden of proving that she does substantially all of the work in a community business. (Emphasis added.)

A similar conclusion was reached in *Becker v. Harris*, E.D.Cal., 1980, 493 F.Supp. 991, which held § 411(a)(5)(A) unconstitutional and remanded the case to the Secretary "to determine plaintiff's entitlement to disability and/or old age benefits under the Social Security Act, without regard to the provisions of section 211(a)(5)(A) [§ 411(a)(5)(A)]".

### III.

On appeal, the claimant also relies on *Rasmussen v. Gardner*, 10 Cir. 1967, 374 F.2d 889 as an expedient to avoid the applicability of § 411(a)(5)(A). In that case a husband and wife bought a hotel with earnings from a business in which both worked. The deed was executed in their names as tenants in common and both signed a mortgage on the property. They operated the hotel as a family enterprise. The district court found that no partnership existed between the husband and wife and that there was no basis whereby the wife could be held to have derived earnings from the hotel.[3] The Court of Appeals reversed, achieving an equitable result by dividing the income equally between husband and wife. It avoided the constitutional question simply by reading § 411(a)(5)(A) out of the statute.[4] We are not satisfied with that construction. And, if that section must be read out of the statute, because of its unconstitutionality, it seems to us that the Secretary should in the first instance determine an appropriate method for allocating earnings to each spouse in the factual context this case presents.

We conclude, as did the courts in *Carrasco* and *Becker*, that the interests of justice would best be served by remanding the case. The claimant should have an opportunity to present further evidence, if any, of the extent of her participation in the business. The Secretary should, in the first instance, determine methods and standards governing a claimant's entitlement to benefits under the Social Security Act in the context of a small family business in a community property state—without regard

---

**3.** The court said:

> We hold that the existence of a partnership is not a necessary condition for dividing self-employment income between coproprietors of the family enterprise here concerned, and the crediting of such income to their respective earnings accounts for social security purposes.

374 F.2d at 594. Unlike the claimants in *Carrasco* and *Becker*, the claimant in *Rasmussen* could not argue that there was a partnership by operation of law. The hotel was bought prior to the enactment of the community property law of Oklahoma and the relevant self-employment during 1960 and 1961 occurred after the Oklahoma legislature repealed the law.

**4.** It did so in the following language: "However we find nothing in the language of § 211(a) of the Act [§ 411(a)] indicating that a partnership is the only basis upon which coproprietors of a business can each be credited with self-employment income for social security purposes .... While the exact nature of the legal relationship between the appellant and his wife in owning and operating the hotel might be critical for income tax purposes or for state laws of descent and distribution, we hold that it is unnecessary to characterize their relationship by any specific label for purposes of the Social Security Act. If either husband or wife had carried on the business alone there would have been no issue of earnings. The fact that both carried on the enterprise should not change the result." 374 F.2d at 593. The *Rasmussen* court then divided the income equally, after finding that both husband and wife worked together and that funds were deposited in a joint banking account.

to the provisions of section 211(a)(5)(A), 42 U.S.C. § 411(a)(5)(A).

Any rational nondiscriminatory method for handling the problem should pass muster. Even though the Secretary, administratively, finds it easier to use a statutory presumption than to decide on a case–by– case basis in community property states, sex–based discrimination cannot be tolerated. Because there must be thousands and thousands of cases in community property states where Mom works at least as hard as Pop in the family business, we respectfully suggest that the matter is one that calls for ultimate solution by Congress.

The judgment of the district court is vacated and the case is remanded to the Secretary for further proceedings consistent with this opinion.