**Michael G. BRESGAL, et al., Plaintiffs,**

v.

**William BROCK, Secretary of Labor, Defendant.**

Civ. No. 84–6315–E.

United States District Court, D. Oregon.

Dec. 31, 1985.

James M. Campbell, Goldstein & Campbell, Eugene, Or., for plaintiffs.

Linda Lance, U.S. Dept. of Justice, Civil Div., Washington, D.C., for defendant.

---

Mary Lewis, Oregon Legal Services Corp., Woodburn, Or., for intervenors.

ORDER

JAMES M. BURNS, District Judge.

Counsel for Plaintiff-Intervenors Augustin Villegas, Rene Guerrero and Jose Ponce have petitioned the court for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A) (1980 & Supp. IV) for their representation of Plaintiff-Intervenors in this case. The EAJA authorizes a court to award fees to a prevailing party in any civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

By the court's order of October 1, 1985, Plaintiff-Intervenors are prevailing parties in this action. Prevailing intervenors can be entitled to attorney fees where, as here, they contribute substantially to the outcome of the case. *Seattle School District v. Washington*, 633 F.2d 1338 (9th Cir. 1980). (Prevailing intervenors were entitled to award of attorney fees under Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 1988 (1980) for their substantial contribution to pre-trial preparation even though developments in the litigation made it unnecessary to consider their questions at trial.)

■ However prevailing parties are not entitled to attorney fees under the EAJA when the government's position in the case was substantially justified. To be substantially justified the government need not win the case. *Hoang Ha. v. Schweiker*, 707 F.2d 1104, 1105 (9th Cir.1983) *citing*

*Tyler Business Services Inc. v. NLRB*, 695 F.2d 73, 75 (4th Cir.1982), H.R.Rep. No. 1418, 96th Cong.2d Sess. at 10, 14, *reprinted in* U.S.Code Cong. & Ad.News, 4984, 4998. In a case such as this, where only legal issues were in question, it must, however, demonstrate that its position had a reasonable basis in law. *Edwards v. Heckler*, 770 F.2d 1496, 1502 (9th Cir.1985).

In the House Report to a recent amendment to the EAJA, P.L. 99–80, 99 Stat. 183, August 5, 1985, Congress noted that, to be substantially justified, the government's position must be one of "more than mere reasonableness." It also recognized that whether the government's position is substantially justified under this standard must be determined on a case by case basis. H.R.Rep. 99–120, 99th Cong. 1st Sess. 9–10.

■ I find that the government's position in this case was substantially justified. Although the government has been aware of this issue for several years, this is a case of first impression. Until now no court had directly ruled on the question of whether the Migrant and Seasonal Agricultural Worker Protection Act (MSPA), 29 U.S.C. § 1802(3), covers workers in forestry activities.[1] The statute itself is ambiguous as to this question and the legislative history addresses the issue only indirectly.

Had the government acted inconsistently on this issue in the past, its current position would less likely be substantially justified. *See Intern. Woodworkers of America v. Donovan*, 769 F.2d 1388 (9th Cir. 1985) citing *Spencer v. NLRB*, 712 F.2d 539 (D.C.Cir.1983). However, the Secretary of the Department of Labor has consistently maintained its position that forestry workers are not covered by the MSPA.[2]

---

1. While this is the first time a case has been decided on this issue, this is not the first time a court has considered it. In *Davis Forestry Corp. v. Smith*, 707 F.2d 1325 (11th Cir.1983) the court, in dicta, noted that "[t]here is little doubt that the 1974 Amendments to the FLCRA [the MSPA] were intended to apply to forestry contractors who employ tree planters, thinners and other forest laborers." That case was decided, however, on the issue of standing. Also, in an interlocutory opinion in a case still pending

before the Southern District of Texas, *Aguirre v. Davis Forestry Corp.*, et al., Civ. B–81–142, they indicated that Congress intended the MSPA to cover forestry workers.

2. At one point, a DOL district office did interpret the 1974 legislative history of the MSPA to apply to forestry activities. This position, however, has never been adopted by the Secretary as official DOL policy.

While I find that the plaintiff's and plaintiff-intervenor's position is more sound and logical, the government did maintain an arguably defensible position that had a reasonable basis in law.

Given the past uncertainty over this issue and the lack of any direct authority on which either side could rely in furthering its position, I find that the government's position, while ultimately unsuccessful, was substantially justified. Plaintiff-intervenors are, therefore, not entitled to attorney fees.[3]

Regarding the Plaintiff's and Plaintiff-Intervenor's petition for costs, the EAJA allows prevailing parties to be awarded costs as enumerated in 28 U.S.C. § 1920.[4] Both plaintiffs and Plaintiff-Intervenors request awards of postage costs not specifically provided for in § 1920.

The court should exercise sparingly its discretion to tax costs not specifically statutorily authorized. *Guinasso v. Pacific First Federal,* 100 F.R.D. 264, 265 (D.C. Or.1983); *citing Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964).

In this case, however, the postage costs to which defendant objects were expended at the defendant's request and to provide defendant's Washington, D.C. counsel a reasonable opportunity to respond to the documents within the time limitations set by this court. I find these costs reasonable. Accordingly, plaintiffs and plaintiff-intervenors are entitled to their requested costs.

IT IS SO ORDERED.

---

**3.** Because the government's position was substantially justified, it is irrelevant whether there are special circumstances making a fee award unjust or whether the Plaintiff-Intervenor's requested fees are excessive.

**4.** 28 U.S.C. § 1920 permits costs for (1) fees of the clerk and marshal; (2) fees of the court reporter for portions of the transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, interpreters, and salaries, fees, expenses and costs of special interpretation services under 28 U.S.C. § 1928.